UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12023-RWZ

STEPHEN B. COLEMAN

v.

UNITED STATES OF AMERICA, *et al.*

MEMORANDUM OF DECISION

October 10, 2014

ZOBEL, D.J.

Plaintiff Stephen B. Coleman sued defendants United States of America, Charles E. Samuels, Director of the Federal Bureau of Prisons, and David D. Spears, in his official capacity as Chairman of the Board of Directors of Federal Prison Industries (a/k/a "Unicor"), for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. The defendants have moved for dismissal of the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I. FTCA Claim**

The FTCA is a narrow waiver of sovereign immunity by the United States, allowing those injured by government action to bring tort claims under limited circumstances. See 28 U.S.C. §§ 1346, 2671-2680; United States v. Mitchell, 445 U.S. 535, 538 (1980). United States v. Demko, 385 U.S. 149 (1966), however, settled the

issue that the IACA is the exclusive remedy for inmates injured during their penal employment, likening it in its breadth and exclusivity to a workman's compensation program. Id. at 152. IACA remains the exclusive remedy for such injuries. See, e.g., Vilanova v. United States, 851 F.2d 1, 4 (1st Cir 1988) ("Worker compensation acts as a substitute rather than a supplement for FTCA actions.") (citing Demko); Simon v. Federal Prison Industries, Inc., 2003 WL 26128191 (D. Mass. July 15, 2003). This court therefore lacks jurisdiction to hear plaintiff's FTCA claim, as his injury occurred during his penal employment and the IACA provides the sole remedy for such injuries.

**II. IACA Claim**

The IACA, 18 U.S.C. § 4126, and its implementing regulations, codified at 28 C.F.R. § 301, *et seq.*, establish the administrative procedure available for submission of claims by those injured during their penal employment. Under the IACA regulations, a former inmate first files a claim for compensation for his work related injury, 28 C.F.R. § 301.303(f), and a Claims Examiner decides the claim. Id. at 301.305. Further administrative appeal is available to a claimant unhappy with the decision. See 28 C.F.R. §§ 301.307, 301.313. A claimant must seek administrative review of the Claims Examiner's determinations before filing a district court action. See Simon v. Fed. Prison Indus., Inc., CIV.A. 03-10792-JLT, 2003 WL 26128191 (D. Mass. July 15, 2003) (outlining the administrative review process), aff'd sub nom. Simon v. Fed. Prison Indus., 91 F. App'x 161 (1st Cir. 2004). Plaintiff's claims are therefore subject to dismissal because plaintiff has not properly exhausted his administrative remedies by

2

obtaining a final agency decision.[1] Simon, 2003 WL 26128191 (D. Mass. July 15, 2003), citing Sturgeon v. Federal Prison Industries, 608 F.2d 1153, 1155 (5th Cir. 1979) ("The district court properly dismissed the prisoner accident compensation claim because claimant failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 4126 and 28 C.F.R. § 301").

### III. Conclusion

The defendants' motion to dismiss is ALLOWED.

Judgment may be entered dismissing the complaint.

|  |  |
|---|---|
| October 10, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[1] To the extent plaintiff relies on equitable tolling of the applicable statutes of limitation, that issue is not before the court, and in any event his entitlement to tolling is unclear on the record.